637 P.2d 50

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles AUGUSTUS, Defendant-Appellant.**

**No. 5387.**

Court of Appeals of New Mexico.

Oct. 20, 1981.

Rehearing Denied Nov. 3, 1981.

Writ of Certiorari Denied Dec. 3, 1981.

John B. Bigelow, Chief Public Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Acting Chief Judge.

Defendant appeals his jail sentence entered following a plea-bargain agreement. Defendant alleges that the jail sentence, under the circumstances of his case, constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article II, § 13 of the New Mexico Constitution, N.M. S.A.1978 (1981 Cum.Supp.). We construe both of these provisions identically and affirm.

Defendant was charged with two counts of indirect criminal contempt. See §§ 34–1–2 and 34–1–4, N.M.S.A.1978 (1981 Repl. Pamph.). In a separate proceeding, defendant was charged with fraud of over $2,500.00, a third degree felony. See § 30–16–6, N.M.S.A.1978 (1981 Cum.Supp.). Pursuant to the plea bargain, the State agreed to dismiss the fraud charge and defendant agreed to plead guilty to the two charges of

contempt. The plea agreement provided that the trial court could sentence defendant in accordance with the law and that if the trial court did impose a period of incarceration, it would be served in the county jail. At the guilty plea hearing, defendant was informed that the maximum period of incarceration would be 364 days in the county jail. Knowing this, defendant pleaded guilty. No issues are raised as to the voluntariness of this plea or as to any unkept bargains.

Prior to sentencing, defendant underwent medical tests and open heart surgery. The sentencing proceeding was continued pending defendant's recovery from the surgery. At the sentencing hearing, defendant presented letters from two physicians. The two physicians practice in El Paso, Texas. Defendant lives in Carlsbad, and the jail at which he would serve his sentence is in Carlsbad.

Defendant's medical doctor wrote that defendant was under a great deal of stress, in addition to his multiple other medical problems: obesity, mild diabetes, mild hypertension and osteoarthritis. For defendant's heart problems, the physician wrote that defendant needed close follow-up and medical treatment, including the availability of full specialty care. For this reason it was "preferable" that defendant live in El Paso. Defendant's surgeon wrote that it was "very advisable" that defendant move closer to El Paso so he could be nearer to his physicians. The surgeon also expressed his "belief that [defendant] should never be placed or be incarcerated due to his continuous medical health progress."

The trial court, nonetheless, sentenced defendant to concurrent 90-day terms in the county jail. Included in the judgment and sentence is the following provision: "During his incarceration, if a local doctor determines it necessary that the Defendant see his medical specialist, the Defendant may be released on his own recognizance for such a visit to his doctor."

Defendant appealed, raising two issues: (1) that the trial court abused its discretion in deciding to incarcerate defendant; and (2) that the jail sentence violates several constitutional provisions given the unusual facts of this case.

■ We proposed summary affirmance on the first issue on the basis that, there being no claim that the sentence was not in accordance with law, the trial court did not abuse its discretion in imposing a lawful sentence upon defendant. See *State v. Sanchez*, 89 N.M. 673, 556 P.2d 359 (Ct.App. 1976); *State v. Madrigal*, 85 N.M. 496, 513 P.2d 1278 (Ct.App.1973). Defendant does not oppose our proposed summary disposition on this ground.

■ We proposed summary affirmance on the second issue on the basis that a lawful sentence does not constitute cruel and unusual punishment under *State v. Peters*, 78 N.M. 224, 430 P.2d 382 (1967). Defendant opposed our proposed disposition on this ground. In so doing, defendant correctly points out that *State v. Padilla*, 85 N.M. 140, 509 P.2d 1335 (1973), explained *Peters*, supra, by stating that "excessively long punishments, as well as those which are inherently cruel, are objectionable." Nevertheless, it is an exceedingly rare case where a term of incarceration, which has been authorized by the Legislature, will be found to be excessively long or inherently cruel. See *State v. Archibeque*, 95 N.M. 411, 622 P.2d 1031 (1981), relying on *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

Defendant contends that his medical problems make his case just such a rare case. He relies on *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), for the proposition that the failure to provide needed medical care may constitute punishment that is inherently cruel. *Gamble*, however, does not provide that a prisoner is entitled to every medical procedure of his or his private physician's choice. Rather, *Gamble* holds that to constitute an Eighth Amendment violation, there must be a "deliberate indifference to serious medical needs . . . ."

The trial court's sentence in this case does not exhibit a deliberate indifference to de-

fendant's medical needs. To the contrary, there is explicit provision made in the judgment and sentence for defendant's medical care. Defendant contends that the thrust of the letters from his physicians is that he needs specialized medical treatment and needs to be close to such treatment. Defendant reads into the letters an implication that the time factor in obtaining such treatment is crucial to his well-being, and that the delay caused by the required consultation with the local physician is contrary to his health needs.

We fail to find the implications which would be necessary for the sentence in this case to rise to the level of cruel and unusual punishment. The physicians' preferences and advice fall short of establishing serious medical needs. The judgment does not show an indifference to defendant's medical needs, whether or not serious. There is no factual basis in the record for applying *Gamble* to this case.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and WALTERS, JJ., concur.