815 P.2d 654

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Daniel HOEFFEL, Defendant-Appellant.**

No. 12422.

Court of Appeals of New Mexico.

June 4, 1991.

Certiorari Denied July 10, 1991.

Tom Udall, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Hugh W. Dangler, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

HARTZ, Judge.

Defendant appeals from his conviction of embezzling from his landlady furniture of a value in excess of $250. He claims that (1) the district court erred in excluding evidence relating to prior civil litigation between defendant and his landlady and (2) the verdict must be reversed because of insufficient proof of the value of the furniture and of his criminal intent. We affirm.

## EVIDENCE OF THE CIVIL SUIT

The allegation that defendant had appropriated furniture from the house he was renting from his landlady was aired in civil litigation predating defendant's criminal trial. Defendant was the plaintiff in the civil action. The basis of his claim was that the landlady had improperly seized his personal belongings pursuant to a landlord's lien. The landlady counterclaimed. One of her claims was that defendant had removed furniture from the house without her permission.

Approximately two months before defendant's criminal trial the judge in the civil suit issued a letter expressing his opinion on the issues before him. One paragraph of the six-page letter considered the landlady's claim regarding the furniture. The judge wrote: "I find that [the landlady] has failed to establish by a preponderance of the evidence that she has sustained a loss by virtue of any removal [of furniture] and that such removal was without her permission. The claim for recovery for the alleged removal of the items is denied."

On the day of the criminal trial the district court heard argument by the parties regarding the admissibility in the criminal trial of the letter opinion in the civil case. Defense counsel contended that the letter was admissible to discredit the landlady's credibility and to show her motive and bias. The prosecutor conceded that some aspects of the civil litigation might be admissible, see *State v. Santillanes*, 86 N.M. 627, 526 P.2d 424 (Ct.App.1974); see also Annotation, *Right to Cross–Examine Prosecuting Witness as to His Pending or Contemplated Civil Action Against Accused for Damages Arising Out of Same Transaction*, 98 A.L.R.3d 1060 (1980), but argued that the probative value of the letter opinion itself was outweighed by the risk of unfair prejudice to the state. The district court agreed with the prosecutor, allowing defense counsel to cross-examine the landlady regarding the existence of the civil suit and her testimony in that trial but excluding the letter opinion pursuant to the rule of evidence that permits exclusion of relevant evidence whose probative value is substantially outweighed by the danger of unfair prejudice. SCRA 1986, 11–403. On appeal defendant claims that the district court's ruling violated his right to confront the witnesses against him, because exclusion of the letter opinion handicapped his cross-examination of the landlady.

To begin with, we note that collateral estoppel cannot be applied to bar a

criminal prosecution on the ground that the verdict in a civil suit between private parties was inconsistent with the defendant's guilt. As a general rule, collateral estoppel, in either a criminal or a civil context, does not bind one who was not a party in the prior action. *See State v. Rogers,* 90 N.M. 604, 607, 566 P.2d 1142, 1145 (1977). Moreover, the public interest in the prosecution of crime should not be forestalled by the failure of a private party to prevail in civil litigation. *Cf. Heath v. Alabama,* 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985) (state not barred from prosecuting defendant for offense that has already been the subject of prosecution by another state).

In any event, defendant's argument relates to the admissibility of evidence, not the preclusive effect of a prior judgment. The question raised here is whether it is permissible simply to advise the trier of fact in a criminal trial of a pertinent finding in prior civil litigation. The trier of fact would not be bound by the earlier decision but could weigh it in reaching a verdict.

■ One problem with such evidence, when offered for the truth of the prior finding, is that it is hearsay because the declarant—the fact-finder at the trial at which the judgment was rendered—is not testifying at the later trial. *See* SCRA 1986, 11–801. In New Mexico there are only two narrow hearsay exceptions for prior judgments. Rule 11–803(W) states an exception for judgments as to personal, family or general history or boundaries. Rule 11–803(V) allows evidence of a judgment based on a plea of guilty to a felony in certain circumstances.[1] (The New Mexico rule is more restrictive than Federal Rule of Evidence 803(22), which also provides an exception for judgments of guilt based on jury verdicts.)

Although some may view the hearsay objection to using judgments as "purely technical," 4 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 803(22)[01], at 803–350 (1990) (*"Weinstein"*) (quoting Note, *Judgments as Evidence,* 46 Iowa L.Rev. 400, 402 (1961), there appears to be little support for the use of civil judgments as evidence of the facts found. The most persuasive policy argument is simply that juries may give too much weight to a prior judgment. *See McCormick on Evidence* § 318, at 894 (E. Cleary 3d ed. 1984); *cf. Weinstein,* at 803–353 (Federal Rule of Evidence 803(22) does not include civil judgments because they are less reliable than criminal judgments). Also, it may be unfair to shackle a party with a decision rendered at a trial in which the losing party perhaps lacked the same interest in resolution of the issue or lacked the resources to litigate the issue effectively. *See* Note, *supra,* at 412. Another plausible concern is that the fact-finder at the earlier civil trial had no personal knowledge of the fact at issue. *See* 5 J. Wigmore, *Evidence* § 1671a, at 806 (J. Chadbourn rev. 1974); SCRA 1986, 11–602. The earlier fact-finder was in no better position to make a proper decision than the trier of fact at the second trial.

■ Whatever the reasons given, it is a long-standing rule that a judgment in a civil action ordinarily cannot be admitted in a criminal action as proof of the facts determined by the judgment. *See United States v. Satuloff Bros.,* 79 F.2d 846 (2d Cir.1935); *Lodowski v. State,* 302 Md. 691, 490 A.2d 1228 (1985), *cert. denied,* 475 U.S. 1086, 106 S.Ct. 1469, 89 L.Ed.2d 725 *vacated and remanded on other grounds,* 475 U.S. 1078, 106 S.Ct. 1452, 89 L.Ed.2d 711 (1986). More importantly, the rules of evidence adopted by our supreme court establish severe restrictions on the admissibility of prior judgments. Defendant's proffered use of the decision in the civil case satisfies neither of the two hearsay exceptions for judgments. *See* Rule 11–803(V), (W). Indeed, from what appears in the record on appeal in this case, a final judgment had not even been entered in the civil action at the time of the criminal trial. Defendant wished to use merely a letter written to

---

1. SCRA 1986, 11–609, which permits impeachment by evidence of a conviction, might also be viewed as incorporating a narrow exception to the hearsay rule.

counsel outlining the court's proposed ruling in the civil case.

█ Moreover, regardless of the hearsay problem with using the letter opinion, exclusion of the evidence can be sustained under Rule 11–403. We review evidentiary rulings by the district court under an abuse-of-discretion standard. *See State v. Day*, 91 N.M. 570, 577 P.2d 878 (Ct.App. 1978). Buttressed by the reasons for not providing an exception to the hearsay rule for civil judgments, we find no abuse of discretion in the ruling that the probative value of the letter opinion would be substantially outweighed by the danger of unfair prejudice.

█ Finally, although we recognize that a defendant's constitutional rights may overcome customary restrictions on the admissibility of evidence, see *Rock v. Arkansas*, 483 U.S. 44, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (hypnotically refreshed testimony by defendant), we find no violation of defendant's right to confrontation arising from the district court's ruling. Defendant was permitted to cross-examine the landlady with respect to the existence of the civil suit and her testimony at that trial. The letter opinion was not probative of the landlady's veracity, *see* SCRA 1986, 11–608 (limitations on evidence relating to credibility), nor do the general contentions made by defense counsel at the pre-trial hearing on the matter persuade us that the letter opinion was necessary to cross-examine the landlady concerning any motive to lie or any bias against defendant.

## SUFFICIENCY OF THE EVIDENCE

█ Defendant contends that the evidence was insufficient to establish that (1) the value of the missing furniture exceeded $250 and (2) he had the requisite criminal intent. In reviewing for sufficiency of the evidence, this court views the evidence in the light most favorable to the jury's verdict, resolving all conflicts and indulging all permissible inferences in favor of the conviction. *State v. Sutphin*, 107 N.M. 126, 753 P.2d 1314 (1988). We neither reweigh

the evidence nor determine the credibility of the witnesses. *Id.*

█ On the issue of value, defendant's landlady testified that the missing furniture was worth $350. Her testimony alone would support the verdict. *See State v. Hughes*, 108 N.M. 143, 767 P.2d 382 (Ct. App.1988). In addition, a used-furniture dealer testified that the landlady had bought the furniture from him for between $300 and $350 and that due to inflation the furniture would still have the same value at the time of trial.

█ On the issue of intent, defendant contends that the state failed to prove malfeasance. He argues that he could have been convicted simply because he lost track of the furniture and that there was no testimony that he ever maliciously or purposefully harmed the landlord. This argument is without merit. The jury was instructed that it must find: (1) "The defendant converted this furniture to his own use"; (2) "At the time he converted this furniture to his own use, he intended to deprive the owner of his property"; and (3) "[T]he defendant acted intentionally when he committed the crime." These instructions were a correct statement of the law. *See* SCRA 1986, 14–141, –1641 (uniform jury instructions on general criminal intent and on essential elements of embezzlement). The evidence was sufficient to support a jury finding of those elements. Defendant rented a furnished house. When the landlady retook possession of the house, the furniture was gone. Defendant testified that he had moved the furniture into another of the landlady's rental properties, but the landlady testified that she had never given him permission to move the furniture, he had never told her that he had taken the furniture to another rental property, and she had never seen the furniture at any of the other locations. According to her, when she had asked defendant about the whereabouts of the furniture and demanded that it be returned, he had responded by saying that the furniture was being stored in a safe place and he would return it. Intent can be proved by circumstantial evidence. *See State v. Ortiz*, 90

N.M. 319, 563 P.2d 113 (Ct.App.1977). The evidence of intent was sufficient.

CONCLUSION

For the above reasons we affirm defendant's conviction.

IT IS SO ORDERED.

DONNELLY and CHAVEZ, JJ., concur.