**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    NO.   29,183

**KERRY BENNETT,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Frechette & Associates, P.C.
Todd Hotchkiss
Albuquerque, NM

for Appellant


**MEMORANDUM OPINION**

**VIGIL, Judge.**

Defendant appeals his convictions for criminal damage to property (over $1000), conspiracy to commit criminal damage to property (over $1000), and contributing to the delinquency of a minor.  We issued a calendar notice proposing to

affirm. Defendant has responded with a memorandum in opposition. We affirm.

Defendant's memorandum in opposition continues to challenge the sufficiency of the evidence to support each of his convictions. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

To support his conviction for criminal damage to property (over $1000), the evidence had to show that Defendant intentionally damaged the property of another, and the amount of damage was over $1000. [RP 67] To support the conviction for conspiracy to commit criminal damage to property (over $1000), the evidence had to show that Defendant and another person through words or acts agreed together to commit that crime. [RP 69] The contributing to the delinquency of a minor (CDM) charge required evidence that Defendant transported Christine Bennett (Christine), assisted her in damaging property and/or provided for her a means of escape, and that this caused or encouraged Christine to conduct herself in a manner injurious to her morals, health, or welfare. [RP 70]

Our calendar notice proposed to hold that the facts in the docketing statement demonstrated that there was sufficient evidence to support these three convictions. Defendant's memorandum primarily argues that the evidence was insufficient in two respects: Defendant's daughter/co-conspirator (Christine) did not testify, and there was insufficient evidence of intent. We disagree, and conclude that the facts as set forth in the docketing statement are sufficient to support the convictions. Specifically, there was no need for Christine to testify in this case, because other evidence satisfied the State's burden of proof. We also disagree with Defendant's assertion that his mere presence did not establish intent to commit the crimes or participation in the conspiracy. As discussed below, there was additional circumstantial evidence beyond his mere presence.

The victims in this case were Alan and Diana White, the latter being Defendant's ex-wife and the mother of Christine. [DS 3-6] Alan testified that he and his wife were awakened by the sound of a large truck, which he believed belonged to Defendant. [DS 3] Alan went outside and saw paint damage to two of his vehicles. [DS 3] He photographed the damage, and looked at the video from a security surveillance system he had installed, which showed Defendant's vehicle dropping off and then picking up the individual who spray painted the vehicles. [DS 3, 5] The tape also showed a neighbor's vehicle driving, shining its headlights onto the vehicle that

Alan believed to belong to Defendant. [DS 3-4] That neighbor identified Defendant as the person who was driving the vehicle that picked up the person during the incident. [DS 6] Both Alan and Diana White identified Christine as the individual who spray painted the vehicles. [DS 5, 6] Diana also corroborated Alan's identification of Defendant's vehicle. [DS 6] At trial, a police officer testified that he was dispatched to the scene, observed the damage, and reviewed the videotape of the incident. [DS 7] There was also testimony from an employee of an auto repair business who had inspected one of the vehicles and estimated $2,223.23 in damages. [DS 7]

To the extent that some of victims' testimony was inconsistent with respect to the acts in question, this was a matter to be resolved by the factfinder, which in this case was the jury. *See State v. Roybal*, 115 N.M. 27, 30, 846 P.2d 333, 336 (Ct. App. 1992). We also believe that Defendant's conduct as observed by the witnesses was sufficient to support both his intent to commit the acts and his agreement with Christine. *See State v. Hoeffel*, 112 N.M. 358, 361, 815 P.2d 654, 657 (Ct. App. 1991) ("Intent can be proved by circumstantial evidence."); *State v. Johnson*, 2004-NMSC-029, ¶ 49, 136 N.M. 348, 98 P.3d 998 (noting that an agreement may be in the form of a mutually implied understanding and may be inferred from circumstantial evidence). Intent and the agreement were also supported by the

conduct of Defendant and Christine on the following day, where they taunted the Whites. [DS 4]

Finally, Defendant also continues to challenge the damage estimate, asserting that there was prior damage to the vehicle and that only photos of the damage had been used. [DS 4, 15] We believe that any inconsistency in the testimony of the Whites, as well as any claim that there was prior damage to the vehicle, was a matter to be resolved by the factfinder. *See State v. Haar*, 110 N.M. 517, 521, 797 P.2d 306, 310 (Ct. App. 1990) (holding that a jury can draw inferences from all of the evidence in determining the amount of damage).

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**