This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          No. 30,268

**NATHANIEL C DE BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals his convictions for shoplifting and conspiracy to commit shoplifting. We issued a calendar notice proposing to affirm. Defendant has responded with a timely memorandum in opposition. After due consideration, we affirm.

**JURY INSTRUCTION**

Defendant continues to claim that he was entitled to a jury instruction on an attempt to commit a felony. [MIO 4] "In order to obtain an instruction on a lesser included offense, there must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable." *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.2d 313 (alteration omitted) (internal quotation marks and citation omitted).

Attempt to commit a felony is defined as "an overt act in furtherance of and with intent to commit a felony and tending but failing to effect its commission." NMSA 1978, § 30-28-1 (1963). Defendant continues to argue that there was evidence indicating that neither the conspiracy nor the shoplifting was completed. However, a review of the evidence indicates that the jury was actually confronted with two alternatives—acquittal or conviction, with no view of the evidence that would support a mere attempt. In order to support the shoplifting charge, the evidence had to show, among other things, that Defendant took possession of the merchandise with

2

the intention of taking it without paying for it. [RP 82] In order to support the conspiracy charge, the evidence had to show that Defendant and another person agreed by acts or words to commit shoplifting. [RP 85]

Defendant was observed getting dropped off in front of the Costco store by a vehicle that remained at that spot with the engine running. [MIO 1] The man in the vehicle was told to move. [MIO 1] Inside the store, Defendant placed two Sony Playstation 3 game bundles in a cart and went toward the front door. [MIO 1] Defendant placed a phone call, and the vehicle reappeared at the front door; the man in the vehicle was also observed to be on the phone. [MIO 1] Defendant then pushed the cart containing the merchandise to the rear of the store, where he was described as hitting the emergency exit and exiting the back door to the waiting sedan. [MIO 2] Based on this evidence, we believe that the jury could either conclude that he had an agreement with the individual in the vehicle or that he did not have an agreement. There is no evidence to support the view that he was attempting to have an agreement. Likewise, with respect to the shoplifting charge, we believe that the jury could either conclude that he intended to take the merchandise or that he did not. Given the elements of the crime, we do not believe that the evidence would support a jury instruction that Defendant attempted to have the intent of taking possession of the merchandise. In other words, the crime was complete once Defendant took the

merchandise with the requisite intent, and if the jury disbelieved this, the response would have been an acquittal instead of an attempt alternative.

Defendant's memorandum in opposition focuses on the element of possession. Defendant argues that he never really possessed the items, because he did not leave the store with them. [MIO 6] However, a person is in possession when he knows the item is on his person or in his presence, and he exercises control over it; two or more people may be in possession at the same time. [RP 84] Defendant's definition of possession would effectively eliminate a possession-based shoplifting crime. *See* NMSA 1978, § 30-16-20(A) (2006) (setting forth alternative grounds for shoplifting). This is so because, if possession required that the items be taken outside of the store, the crime would then amount to stealing; in other words, larceny. *See* NMSA 1978, § 30-16-1(A) (2006) ("Larceny consists of the stealing of anything of value that belongs to another."); UJI 14-1603 NMRA (defining "carried away" for larceny as "moving the property from the place where it was kept or placed by the owner").

**SUFFICIENCY OF THE EVIDENCE**

Defendant contends that the evidence was insufficient to support his convictions. [MIO 7] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make "a legal determination of whether the evidence

4

viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

Here, we believe that our discussion in this opinion indicates that there was sufficient evidence presented to support the convictions. Specifically, Defendant's knowledge or intent presented a question of fact for a jury to decide. *See State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820. The jury had sufficient circumstantial evidence that Defendant and the driver of the vehicle had an agreement to work in tandem to shoplift the items. *See State v. Hoeffel*, 112 N.M. 358, 361, 815 P.2d 654, 657 (Ct. App. 1991) ("Intent can be proved by circumstantial evidence.").

For the reasons stated in this opinion, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**