This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                  **NO. 30,557**

**PEDRO OROZCO, JR.,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals from convictions for armed robbery, conspiracy to commit armed robbery, aggravated battery, aggravated assault, shooting at or from a motor vehicle, conspiracy to commit shooting at or from a motor vehicle, and contributing to the delinquency of a minor. Defendant raised one issue in his docketing statement: whether the district court erred in denying his motion to suppress the statement he made to police. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition. Defendant has also moved to amend his docketing statement to include four additional issues: (1) the district court erred in not conducting a suppression hearing or, alternatively, counsel was ineffective in not requesting an evidentiary hearing on the motion to suppress; (2) the district court erred in not allowing Defendant to substitute his public defender with private counsel; (3) his convictions were not supported by substantial evidence; and (4) the district court erred in denying Defendant's motion to reconsider his sentence. Having considered Defendant's memorandum in opposition and motion to amend his docketing statement, we deny Defendant's motion and affirm Defendant's convictions.

**Motion to Suppress**

Defendant continues to argue that his motion to suppress should have been granted because his confession was not given voluntarily due to the officers use of threats of harsher punishment, promises of leniency, along with Defendant's lack of

understanding of the criminal justice system and his fatigue. In this Court's calendar notice, we proposed to affirm the denial of Defendant's motion to suppress on the grounds that lack of knowledge of the criminal justice system does not render a statement involuntary, threats and promises do not make a statement per se involuntary, and based on Defendant's failure to offer any support for his argument that officers telling him he could not leave until he said what they wanted to hear amounted to official coercion. [CN 5-6] *See State v. Barr*, 2009-NMSC-024, ¶ 25, 146 N.M. 301, 210 P.3d 198 ("However uneducated or unsophisticated [a d]efendant may be, that alone is insufficient to make his confession involuntary without evidence that the officers took advantage of his lack of sophistication and used it to coerce him into making his incriminating statement."); *State v. Sanders*, 2000-NMSC-032, ¶¶ 7, 10, 129 N.M. 728, 13 P.3d 460 (stating that threats and promises are merely one factor to be considered in analyzing the totality of the circumstances).

In response to this Court's proposed disposition, Defendant relies on *Aguilar v. State*, 106 N.M. 798, 751 P.2d 178 (1988), to argue that his statement should have been suppressed. In *Aguilar*, the defendant suffered from both a history of mental illness and subnormal intelligence. 106 N.M. at 800, 751 P.2d at 180. Thus, in *Aguilar* our Supreme Court held that "implied threats and promises, especially when knowingly made to a defendant with diminished mental capacity, rendered the

3

confession involuntary as a matter of law." *Id. Aguilar* does not support Defendant's contention that implied threats and promises, coupled with fatigue and a lack of understanding of the criminal justice system, are sufficient to render a confession involuntary. We therefore conclude that Defendant has not demonstrated error in the district court's ruling, and we affirm.

Defendant contends that he adequately preserved his argument that his statement should have been suppressed under the New Mexico Constitution. Defendant relies on *State v. Granville*, 2006-NMCA-098, ¶ 13, 140 N.M. 345, 142 P.3d 933, for the proposition that "[w]hen existing precedent construes a state constitutional provision as providing broader protection than its federal counterpart, the preservation of the state constitutional claim requires no more than preservation of any other claim for appellate review." [MIO 14] Defendant then goes on to point out that our state jurisprudence already interprets Article II, Section 10 more expansively than the Fourth Amendment. [MIO 14] Thus, Defendant contends that he "was not required to persuade the court why Article II, Section 10 should be interpreted more expansively or otherwise 'provide reasons.'" [MIO 15 (quoting *State v. Garcia*, 2009-NMSC-046, ¶ 52, 147 N.M. 134, 217 P.3d 1032 (Bosson, J., specially concurring))] Defendant has not, however, informed this Court how our jurisprudence under Article II, Section 15, has departed from the federal interpretation of the Fifth

4

Amendment which would govern the issue of the voluntariness of Defendant's confession. We conclude that Defendant has failed to demonstrate that he preserved a state constitutional claim.

**Motion to Amend**

Defendant has moved this Court to amend his docketing statement to add the four issues set out above. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

**<u>Issue 1</u>**

To the extent Defendant wishes to argue that the district court erred by failing to hold an evidentiary hearing on his motion to suppress and his counsel was ineffective for failing to request such a hearing, we deny Defendant's motion as these issues are not viable as argued by Defendant. To the extent Defendant wishes to raise an ineffective assistance of counsel claim, we conclude that Defendant has failed to demonstrate a prima facie case of ineffective assistance based on the record below.

5

> When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance.

*State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61.

> To establish a prima facie case of ineffective assistance of counsel, Defendant must show that (1) counsel's performance was deficient in that it "fell below an objective standard of reasonableness"; and (2) that Defendant suffered prejudice in that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

*State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (quoting *Lytle v. Jordan*, 2001-NMSC-016, ¶¶ 26-27, 130 N.M. 198, 22 P.3d 666) (further internal quotation and citation omitted)).

Here, Defendant contends that he was prejudiced by not being able to fully develop the record below. [MIO 16-18] Defendant does not indicate, however, what information would have been developed had an evidentiary hearing been held that was not already considered by the district court in ruling on Defendant's motion to suppress or how that information would have possibly changed the district court's ruling. Moreover, Defendant points out that a full transcript of the interview was before the district court at the time the motion to suppress was decided. [MIO 8] Defendant has therefore not demonstrated prejudice. *See In re Ernesto M., Jr.*, 1996-

NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). Moreover, to the extent Defendant contends that the district court committed reversible error by not holding a hearing, we again conclude that this issue is not viable given Defendant's failure to demonstrate how he was prejudiced. *See State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994) ("In the absence of prejudice, there is no reversible error.").

**Issue 2**

To the extent Defendant wishes to amend his docketing statement to argue that the district court abused its discretion in not permitting Defendant to substitute his public defender with private counsel, we deny Defendant's motion as not viable. Defendant points out that a determination of whether to permit a substitution of counsel is within the district court's discretion. [MIO 20] Defendant also points out that no abuse of discretion occurs unless inadequate representation or prejudice to the defendant is shown. [Id.] *See State v. Bell*, 90 N.M. 134, 143, 560 P.2d 925, 934 (1977). Defendant has not asserted on appeal how his public defender was ineffective or how he was prejudiced.

**Issue 3**

To the extent Defendant wishes to amend his docketing statement to argue that his convictions were not supported by substantial evidence, we again deny his motion

to amend as the issue is not viable. Defendant asserts that there is not substantial evidence to support his convictions because the evidence demonstrates that a co-defendant was responsible for shooting and attacking the victim. [MIO 22]

The State submitted an accomplice liability instruction. [RP 117] To convict under a theory of accomplice liability, "the [s]tate must show not only [that a defendant was] aiding in the commission of the killing but also that the defendant intended that the underlying felony be committed and intended the killing to occur or knew that [he] [she] was helping to create a strong probability of death or great bodily harm." *State v. Vigil*, 2010-NMSC-003, ¶ 15, 147 N.M. 537, 226 P.3d 636 (internal quotation marks and citations omitted). "[A] jury cannot convict a defendant on accessory liability for a crime unless the defendant intended the principal's acts." *Id.* (internal quotation marks and citation omitted).

Evidence was presented that Defendant drove the principal to the location of the crime. Further, there was evidence presented from which the jury could have inferred that Defendant intended the acts to occur—namely, that Defendant and the principal chased a vehicle down that contained people they suspected of firing on Defendant's home, and Defendant was driving. We conclude that this is sufficient evidence from which the jury could have found Defendant guilty under a theory of accomplice liability. *State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964

P.2d 820 (stating that a defendant's knowledge or intent generally presents a question of fact for a jury to decide); *State v. Hoeffel*, 112 N.M. 358, 361, 815 P.2d 654, 657 (Ct. App. 1991) ("Intent can be proved by circumstantial evidence.").

Further, to the extent Defendant argues that this Court should not disregard Defendant's version of events—specifically, that he was unaware that the principal had a gun—it was for the jury to assess Defendant's credibility and weigh the evidence. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder (in this case, the judge) to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay). "The reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789.

**Issue 4**

To the extent Defendant wishes to amend his docketing statement to argue that the district court erred in denying his motion to reconsider his sentence, we deny his motion to amend as this issue is not viable. Defendant's primary argument on appeal is that he was sentenced to the maximum allowable sentence for his crimes, without any part of the sentence suspended, despite evidence that Defendant was only a minor contributor in the crimes and had no prior felony convictions on his record. As this

Court stated in *State v. Cumpton*, 2000-NMCA-033, ¶ 12, 129 N.M. 47, 1 P.3d 429, "[t]here is no obligation on the part of a judge to depart from the basic sentence. The opportunity for a district court to mitigate a sentence depends solely on the discretion of the court and on no entitlement derived from any qualities of the defendant." Further, there is no abuse of discretion if the sentence imposed is authorized by law. *See State v. Augustus*, 97 N.M. 100, 101, 637 P.2d 50, 51 (Ct. App. 1981). Defendant received the sentence prescribed by law, thus, there was no abuse of discretion.

For the reasons stated above, we deny Defendant's motion to amend his docketing statement and affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**LINDA M. VANZI, Judge**