This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**vs.**                                                                    **No. 31,799**

**OSCAR REZA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Michael T. Murphy, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

Defendant appeals from a judgment and sentence entered after Defendant pled guilty to fourteen counts of fraud. We issued a calendar notice proposing to affirm. Defendant has responded with a motion to amend the docketing statement to add an ineffective assistance of counsel claim. We hereby deny the motion to amend the docketing statement for the reasons stated below. Defendant has also filed a memorandum in opposition. Not persuaded, we affirm the judgment.

**Motion to Amend**

Defendant has filed a motion to amend the docketing statement to add a new issue. *See* Rule 12-208(F) NMRA. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989),

2

*overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Here, Defendant challenges trial counsel's competency with respect to private communications about taking the plea agreement. [MIO 11] Because these communications were off the record, we are unable to review them on direct appeal. *See State v. Martin*, 101 N.M. 595, 603, 686 P.2d 937, 945 (1984) (stating that matters not of record are not reviewable on appeal). Accordingly, to the extent that the claims might have merit, we believe that they are better addressed in collateral proceeding. *See Duncan v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993) (stating that habeas corpus proceedings are the "preferred avenue for adjudicating ineffective assistance of counsel claims").

**Judicial Bias**

Defendant continues to argue that the district judge should have recused from sentencing. [MIO 3] It is within the discretion of the district judge to recuse or not recuse from a case, and that decision will be reversed only upon a showing of an abuse of that discretion. *Demers v. Gerety*, 92 N.M. 749, 752, 595 P.2d 387, 390 (Ct. App. 1978), *rev'd on other grounds by* 92 N.M. 396, 406, 589 P.2d 180, 190 (1978). "In order to be disqualifying, [a judge's] bias or prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than hat the judge

3

learned from his participation in the case." *Dawley v. La Puerta Architectural Antiques, Inc.*, 2003-NMCA-029, ¶ 39, 133 N.M. 389, 62 P.3d 1271 (filed 2002) (internal quotation marks and citation omitted).

Defendant continues to maintain that the district court judge was biased because he himself was indicted a week after sentencing. [MIO 3-5] There is nothing in the record that indicates that the judge in this case acted in a manner that was influenced by these extrajudicial matters, to conclude that events surrounding the impending indictment created a bias against Defendant would be purely speculative. *See United Nuclear Corp. v. Gen. Atomic Co.*, 96 N.M. 155, 246-48, n.156, 629 P.2d 231, 322-24, n.156 (1980) (rejecting speculative claims of bias as insufficient to warrant disqualification of a judge).

**Cruel and Unusual Punishment**

Defendant also continues to claim that his sentence was cruel and unusual. [MIO 5] "A trial court's power to sentence is derived exclusively from statute." *State v. Martinez,* 1998-NMSC-023, ¶ 12, 126 N.M. 39, 966 P.2d 747. On appeal, this Court reviews a defendant's sentence for abuse of discretion. We will not hold that the district court abused its discretion by imposing a sentence that is authorized by law. *See State v. Cumpton*, 2000-NMCA-033, ¶¶ 9-10, 129 N.M. 47, 1 P.3d 429. "In imposing a sentence or sentences upon a defendant, the trial judge is invested with

4

discretion as to the length of the sentence, whether the sentence should be suspended or deferred, or made to run concurrently or consecutively within the guidelines imposed by the Legislature." *State v. Duran*, 1998-NMCA-153, ¶ 41, 126 N.M. 60, 966 P.2d 768, *cert denied*, 126 N.M. 533, 972 P.2d 352. In the present case, the district court, acting within its legal discretion, imposed the basic sentence, running the counts consecutively and suspending fourteen years. [RP 98] *See State v. Augustus*, 97 N.M. 100, 101, 637 P.2d 50, 51 (Ct. App. 1981) (observing that a jail sentence imposed upon a defendant which was in accordance with the law did not constitute an abuse of discretion). As a result, we conclude that Defendant has not established that the district court imposed an illegal sentence, and, therefore, he has not established an abuse of discretion. *See Cumpton*, 2000-NMCA-033, ¶¶ 9-11.

For the reasons set forth above, we affirm.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____

**RODERICK T. KENNEDY, Judge**