This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                              **No. 32,949**

**INGA GUTIERREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}      Defendant Inga Gutierrez appeals her convictions of six separate counts stemming from her involvement in an armed standoff betweem her husband and law

enforcement officers that occurred at her home in January of 2009. [MIO 2; RP 1-10] This Court issued a calendar notice addressing the three issues raised in Defendant's docketing statement and proposing to affirm the judgment and sentence entered by the district court. [CN 4, 6-7, 9] Defendant has filed a memorandum in opposition to this Court's proposed disposition in which she seeks leave to amend her docketing statement in order to assert that she was denied the effective assistance of counsel at her trial [MIO 1-9] and also reasserts the arguments made in her docketing statement [MIO 9-18]. Because Defendant's motion to amend raises an issue that would more appropriately be addressed in a habeas corpus petition, we deny the motion to amend and, having duly considered Defendant's substantive assertions of error, we remain unpersuaded and affirm the judgment and sentence of the district court.

**Motion to Amend**

{2}    When a case is assigned to the summary calendar, this Court will grant a motion to amend the docketing statement if the motion (1) is timely, (2) states all facts material to a consideration of the issue sought to be raised, (3) explains how the issue was properly preserved or why it may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issue was not addressed in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superceded by*

*statute on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{3}** Defendant's claim of ineffective assistance is premised upon factual allegations that—as Defendant acknowledges—are not matters of record in this appeal. [MIO 5, 6-9] As a result, that claim is not viable on the record before this Court. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (noting that ineffective assistance claims raised on direct appeal must be evaluated on "the facts that are part of the record"). Because we conclude that this issue is not viable on the present record, we deny Defendant's motion to amend. *See* Rule 12-208(F) NMRA (allowing amendment "upon good cause shown"). In doing so, again we note that where "facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition." *Roybal*, 2002-NMSC-027, ¶ 19; *see Duncan v. Kerby*, 1993-NMSC-011 ¶ 4, 115 N.M. 344, 851 P.2d 466 (stating that habeas corpus proceedings are the "preferred avenue for adjudicating ineffective assistance of counsel claims").

**Appellate Issues**

**{4}** Defendant also continues to assert her claims regarding sufficiency of the evidence, the admission of an audio/video recording, and the constitutionality of her sentence. [MIO 9-18] Our calendar notice proposed to hold that the evidence was

sufficient to find Guttierez liable—at least—as an accomplice, that the audio/video recording was relevant to establishing her participation in the crimes charged, and that the facts and circumstances of this case do not establish that the sentence imposed constitutes cruel and unusual punishment. [CN 4, 6-7, 9]

{5}	In responding to a summary calendar notice, a party "must come forward and specifically point out errors of fact and law," and the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, 297 P.3d 374. Defendant's memorandum in opposition, which largely repeats arguments asserted in the docketing statement, does not persuade us that the calendar notice in this case is premised upon any error of fact or law.

{6}	That memorandum in opposition continues to argue, for instance, that the weight of the evidence presented at trial did not support Defendant's conviction. [MIO 9-10] Nonetheless, as Defendant acknowledges [Id.], it is not the proper role of this Court to re-weigh the trial evidence. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 (noting that a "reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder"), *abrogated on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683. Accordingly, we

find Defendant's continued assertion of the insufficiency of the evidence unpersuasive.

{7}     Similarly, Defendant continues to assert that an audio/video recording admitted at trial did not reflect her "intent on the date of the standoff." [MIO 13] As pointed out in our calendar notice, however, that recording could have been admitted as evidence that Defendant "helped, encouraged or caused," UJI 14-2820 NMRA, the underlying crimes to be committed, as necessary to establish accomplice liability. [CN 6] As Defendant's memorandum in opposition does not address that basis for the admissibility of the recording, we are unpersuaded that it should have been excluded by the district court.

{8}     Finally, Defendant continues to argue that her sentence is unconstitutionally cruel and unusual punishment. [MIO 15-17] Defendant does not assert, as she did in her docketing statement, that the constitutional infirmity of her sentence arises from the fact that she will not receive appropriate mental health treatment while incarcerated. [*see* DS 18 (asserting that her "mental health treatment could and should be had in some place other than a prison")] Instead, her memorandum in opposition merely asserts that the length of her sentence exceeds that which would be proportionate to the crimes of which she was convicted. [MIO 16-17] As pointed out in our calendar notice, however, "it is an exceedingly rare case where a term of

5

incarceration, which has been authorized by the Legislature, will be found to be excessively long or inherently cruel." [CN 8-9 (quoting *State v. Augustus*, 1981-NMCA-118, ¶ 8, 97 N.M. 100, 637 P.2d 50)] Defendant has not established that this is such a case.

{9}     For the above reasons, as well as those recited in our calendar notice, we deny Defendant's motion to amend her docketing statement and affirm the conviction and sentence entered by the district court.

{10}    **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**M. MONICA ZAMORA, Judge**