This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: June 16, 2022**

**No. S-1-SC-38209**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NEHEMIAH GRIEGO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Hector H. Balderas, Attorney General
John J. Woykovsky, Assistant Attorney General
Santa Fe, NM

for Petitioner

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Respondent

## DISPOSITIONAL ORDER OF AFFIRMANCE

**{1}** WHEREAS, this matter came on for consideration by the Court upon Defendant Nehemiah Griego's direct appeal from his sentence of three concurrent life sentences to be served consecutive to two concurrent seven-year terms of incarceration imposed pursuant to his guilty plea to three charges of intentional child abuse resulting in death, contrary to NMSA 1978, Sections 30-6-1(D) and (H) (2009) and two charges of second-degree murder, contrary to NMSA 1978, Section 30-2-1(B) (1994); *see* N.M. Const. art. VI, § 2 (providing for direct appeal to this Court from judgments of a life sentence);

**{2}** WHEREAS, the undersigned have considered the briefs, and being otherwise fully advised on the issues and applicable law;

**{3}** WHEREAS, Defendant contends his three concurrent life sentences constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Article II, Section 13 of the New Mexico Constitution;

**{4}** WHEREAS, Defendant further contends that his convictions should be overturned because his counsel was ineffective;

**{5}** WHEREAS, Defendant has failed to show the State's "deliberate indifference to [his] serious medical needs" by its denial of his request to receive trauma-informed treatment in an unlocked Houston facility and instead by ordering his confinement to the Department of Corrections where Defendant merely surmises his treatment will be inadequate; *see State v. Augustus*, 1981-NMCA-118, ¶ 9, 97 N.M. 100, 637 P.2d 50 (*citing Estelle v. Gamble*, 429 U.S. 97, 108 (1976) (requiring a defendant claiming violation of his Eighth Amendment rights to show "a deliberate indifference to serious medical needs"));

**{6}** WHEREAS, Defendant has also failed to establish that he does not have a "meaningful opportunity for release" after serving his three concurrent life sentences and two concurrent seven-year sentences, *see Graham v. Florida*, 560 U.S. 48, 75 (2010) ("What the State must do . . . is give defendants like [the defendant] some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."); *see also Ira v. Janecka*, 2018-NMSC-027, ¶ 35, 419 P.3d 161 (holding that a defendant's life sentence will not deprive him of a meaningful opportunity to be released "based on demonstrated maturity and rehabilitation" where that defendant would "be parole eligible when he is approximately 62 years old");

**{7}** WHEREAS, Defendant's claims—that his trial counsel was ineffective when he did not (1) file a motion to suppress evidence found as a result of a warrantless search of Defendant's home, (2) raise a lack of capacity defense, and (3) obtain the dismissal of the child abuse charges on double jeopardy grounds—fail because they do not provide sufficient facts to "demonstrate error on the part of counsel, and then show that the error resulted in prejudice." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 (citing *Strickland v. Washington*, 466 U.S. 668, 692 (1984));

**{8}** WHEREAS, Defendant's claims are more properly brought in a habeas corpus proceeding. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 ("'Habeas corpus proceedings are the preferred avenue for adjudicating ineffective assistance of counsel claims, because the record before the trial court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness.'" (brackets and citation omitted"));

**{9}** WHEREAS, the Court has chosen to exercise its discretion under Rule 12-405(B)(1) and (2) NMRA to dispose of this case by nonprecedential order rather than a formal opinion;

**{10}** NOW, THEREFORE, IT IS ORDERED that the judgment and sentence of the district court is affirmed.

**{11}  IT IS SO ORDERED.**

**C. SHANNON BACON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**