2007-NMCA-052

157 P.3d 77

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Winston FORD, Defendant–Appellant.**

**No. 24,934.**

Court of Appeals of New Mexico.

March 8, 2007.

Certiorari Denied, No. 30,320, April 24, 2007.

**514**

Gary K. King, Attorney General, Katherine Zinn, Assistant Attorney General, Santa Fe, NM, for Appellee.

John Bigelow, Chief Public Defender, Jennifer Byrns, Assistant Appellate Defender, Santa Fe, NM, for Appellant.

## OPINION

ROBINSON, Judge.

{1} Following a jury trial, Winston Ford (Defendant) was convicted of the following offenses: Count I—Battery Upon a Peace Officer, contrary to NMSA 1978, § 30–22–24 (1971) (involving Officer Allen); Count II—Assault Upon a Peace Officer, contrary to NMSA 1978, § 30–22–21 (1971) (also involving Officer Allen); Count III—Assault Upon a Peace Officer, contrary to Section 30–22–21 (involving Sergeant Plowman); and Count V—Resisting, Evading or Obstructing an Officer, contrary to NMSA 1978, § 30–22–1 (1981) (again involving Officer Allen).

{2} On appeal, Defendant argues (1) that he has been subject to multiple punishments stemming from his convictions for resisting, evading, or obstructing an officer, and battery on an officer, contrary to the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, and that he is entitled to have his resisting, evading, or obstructing an officer conviction reversed; (2) that the State presented insufficient evidence on its charge of assault on a peace officer because it presented no testimony or evidence that Officer Allen feared intrusion upon his bodily integrity as a result of Defendant's conduct; (3) that the State presented insufficient evidence on its charge of battery on a peace officer, arguing that Defendant's own testimony renders the evidence of battery insubstantial; and (4) that he was deprived of effective assistance of counsel due to counsel's failure to investigate the case and discover corroborating witnesses for the defense.

{3} We conclude that Defendant's convictions for resisting, evading, or obstructing an officer and battery on an officer are based on unitary conduct and are subsumed within one another. Therefore, there was a double jeopardy violation in the convictions of both crimes. Defendant's convictions for both assault and battery upon Officer Allen are each supported by substantial evidence, and we therefore affirm those convictions. We, however, decline to rule on the ineffective assistance of counsel contention because there is

not a sufficient record on which to decide the issue.

## I. BACKGROUND

{4} On April 18, 2003, three members of the Lordsburg Police Department—Sergeant Rodney Plowman, Officer Marcus Martinez, and Officer Dason Allen—responded to a report of a man with a gun at the Nugget Lounge. When they arrived, they saw Defendant's uncle, Elfigo Graham (Uncle), standing at the entrance to the bar with a gun in his hand. The officers approached him and ordered him to put the gun down, but Uncle did not respond and walked off behind a van. The officers approached Uncle, who no longer had the gun in his hand, and after telling him to stop several times, tried to grab him and handcuff him. They were attempting to arrest Uncle for being a felon in possession of a firearm and for possessing a firearm in a bar. Uncle began calling out for Defendant to help him.

{5} During trial, the State presented the testimony of the three officers, who stated that while they were in the process of arresting Uncle, Defendant exited a vehicle in the parking lot and aggressively approached the officers. Defendant refused to comply after the officers ordered him to go away, and began telling the officers to leave Uncle alone. Defendant was told several times to get back into his car, and then approached the officers coming within inches of them while shaking his fists at them. Defendant then "chest-butted" Officer Allen. Following the chest-butt, Defendant was told he was under arrest. The act underlying the charge of resisting, evading, or obstructing then took place. Officers Allen and Plowman attempted to escort Defendant away. Defendant began to pull his arms away from them and struggled to loosen their grip on him. The struggle persisted as Defendant was physically moved away from the area of Uncle's arrest. After Defendant had been placed in a prone position against a nearby car and the officers were attempting to handcuff him, Defendant kicked Officer Allen in the "right knee, right in the shin area." This evidence was the basis for the conviction of battery on a peace officer.

## II. DISCUSSION

### A. Double Jeopardy

{6} Defendant contends that his convictions for battery on a peace officer and resisting, evading, or obstructing an officer (both involving Officer Allen) violate his right to be free from double jeopardy. We hold that the facts in this case support a conclusion that Defendant's conduct was unitary rather than distinct, and that resisting, evading, or obstructing an officer is a lesser-included offense of battery on a peace officer. Therefore, Defendant's conviction for resisting is vacated.

{7} The United States and New Mexico Constitutions each include a prohibition that no person "be twice put in jeopardy" for the same offense. N.M. Const. art. II, § 15; U.S. Const. amend. V. Both sides recognize that the question of double jeopardy may be raised at any time. NMSA 1978, § 30–1–10 (1963). Because the issue of whether there has been a double jeopardy violation is a constitutional one, our review is de novo. *See State v. Attaway,* 117 N.M. 141, 145–46, 870 P.2d 103, 107–08 (1994); *see generally Swafford v. State,* 112 N.M. 3, 810 P.2d 1223 (1991).

{8} The double jeopardy prohibition against multiple punishments involves two general categories: (1) "unit of prosecution," which prohibits charging a defendant with "multiple violations of a single statute based on a single course of conduct" and (2) "double-description," which prohibits charging a defendant with "violations of multiple statutes for the same conduct" in violation of the Legislature's intent. *State v. DeGraff,* 2006–NMSC–011, ¶ 25, 139 N.M. 211, 131 P.3d 61 (internal quotation marks omitted); *see Swafford,* 112 N.M. at 8, 810 P.2d at 1228. Defendant's arguments on his convictions of battery on a peace officer and resisting, evading, or obstructing an officer are based on the double description category that he has been charged under two statutes for the same conduct.

{9} "New Mexico multiple punishment theory is marked by a profusion of terms and tests—each with its own formulaic ap-

proach—purportedly serving different double jeopardy or policy interests." *Swafford*, 112 N.M. at 10, 810 P.2d at 1230. These tests were addressed in *Swafford* with our New Mexico Supreme Court adopting a two-part test for double-description multiple punishment cases. *Id.* at 13, 810 P.2d at 1233. This test is known as the "*Swafford* test." *See State v. Armendariz*, 2006–NMSC–036, ¶ 20, 140 N.M. 182, 141 P.3d 526. Therefore, we address double jeopardy claims involving double description under the two-part test set forth in *Swafford*, 112 N.M. at 13–14, 810 P.2d at 1233–34.

■ {10} Under the *Swafford* test, first, we determine whether the conduct is unitary. *Id.* at 13, 810 P.2d 1223. If the conduct is non-unitary, multiple punishments do not violate the Double Jeopardy Clause, and our examination ends. *Id.* at 14, 810 P.2d at 1234. But, if the conduct can reasonably be said to be unitary, second, we address "whether the [L]egislature intended multiple punishments." *Id.*

■ {11} Absent a clear expression from the Legislature to impose multiple punishments, we follow the rule of statutory construction known as the "*Blockburger* test," taken from *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. 180. "If [the *Blockburger*] test establishes that one statute is subsumed within the other, the inquiry is over and the statutes are the same for double jeopardy purposes—punishment cannot be had for both." *Swafford*, 112 N.M. at 14, 810 P.2d at 1234. If each statute requires an element of proof not required by the other, we presume that the Legislature intended to punish the offenses separately. *Id.*

■ {12} Defendant argues that his convictions for both battery on a peace officer and resisting, evading, or obstructing an officer violate double jeopardy protections.

He asserts that his conduct was unitary. We agree. Separate punishments are permissible and conduct is not unitary if the offenses are "separated by sufficient indicia of distinctness." *Id.* at 13, 810 P.2d at 1233. To determine whether a defendant's conduct was unitary, we consider such factors as whether the acts were close in time and space, their similarity, the sequence in which they occurred, whether other events intervened, and a defendant's goals for and mental state during each act. *See State v. Dominguez*, 2005–NMSC–001, ¶ 23, 137 N.M. 1, 106 P.3d 563. If conduct is separate and distinct, there is no basis for any further analysis of a double jeopardy claim. *Swafford*, 112 N.M. at 14, 810 P.2d at 1234.

{13} In the present case, the conduct underlying the offenses was unitary. Defendant's convictions for both crimes were based on his struggling while officers were trying to handcuff him following the chest-butt of Officer Allen, during which the officer was then kicked in the shin. The act of resisting Officer Allen occurred when Defendant was told that he was under arrest, which was after he chest-butted the officer in an attempt to, according to the officer, "challenge [his] authority." As both Officer Allen and Sergeant Plowman tried to escort Defendant away, he began to struggle with the officers, attempting to loosen their grip on him. The struggle continued as Defendant was escorted away from the area of Uncle's arrest.

{14} Officer Allen and Sergeant Plowman then placed Defendant against a nearby car and attempted to handcuff him. Defendant then kicked Officer Allen in the leg. Defendant was then sprayed with mace and was ultimately arrested. From the record, it appears that the entire incident between Defendant and Officer Allen occurred close in time. Officer Allen testified that "[e]verything happened so fast." The acts were similar. Defendant's act of resisting and kicking Officer Allen both occurred after Defendant was told he was under arrest. Thus, both could easily be considered acts having only to do with his arrest: one right after he was told he was under arrest and, the second, as he was being handcuffed at the police car, an activity that was an aspect of the arrest process.

{15} Next, it appears that the location of both Defendant and the officers had changed between each act. Defendant began to resist by trying to break the officers' grip on his arms while being escorted away from the scene of Uncle's arrest, but Defendant engaged in battery only after he had been moved to a nearby car and placed in a prone position against the vehicle in preparation for being handcuffed. We recognize that "[t]ime and space considerations ... cannot resolve every case and resort must be had to the quality and nature of the acts or to the objects and results involved." *State v. LeFebre*, 2001–NMCA–009, ¶ 17, 130 N.M. 130, 19 P.3d 825.

{16} All of these considerations strongly support a conclusion that Defendant's conduct was unitary. "Conduct is unitary if it is not sufficiently separated by time or place, and the object and result or quality and nature of the acts cannot be distinguished." *Id.* Although mainly dealing with the unit of prosecution branch of the multiple punishment doctrine, the facts of the following cases support that there was unitary conduct here. *Id.* ¶¶ 2, 17–18 (indicating that evading officers in a car in town, followed by a chase out of town, and an accident a half-hour later, followed by evading on foot, and eventually hiding under a tree, is unitary conduct and but one crime of evading); *State v. Laguna*, 1999–NMCA–152, ¶¶ 38–39, 128 N.M. 345, 992 P.2d 896 (indicating that the defendant's moving his hand up the victim's leg several times, and being rebuffed each time, was but one crime); *State v. Handa*, 120 N.M. 38, 43–45, 897 P.2d 225, 230–32 (Ct.App.1995) (indicating that the defendant's shooting the victim, pausing, realizing the victim was still alive, and then shooting again to scare the victim, was but one assault); *State v. Mares*, 112 N.M. 193, 199–200, 812 P.2d 1341, 1347–48 (Ct.App.1991) (indicating that an assaultive episode that took place in three places—in the car, on the ground, and in the bushes—and involved many incidents of beating, slapping, choking, and hair-pulling, was but one battery); *State v. Padilla*, 101 N.M. 78, 79, 678 P.2d 706, 707 (Ct.App. 1983) (indicating that an episode much like the one at bar could not be broken down into

discreet parts), *rev'd in part on other grounds by*, 101 N.M. 58, 678 P.2d 686 (1984).

{17} Therefore, we can proceed to the second step of the *Swafford* test, analyzing legislative intent. The statutory elements of the offenses will reveal the legislative intent. The issue is whether the Legislature intended multiple punishments when a person commits an act which violates both statutes. "[T]he Double Jeopardy Clause only prevents a court from imposing greater punishment than the Legislature intended." *Dominguez*, 2005–NMSC–001, ¶ 5, 137 N.M. 1, 106 P.3d 563 (citing *Swafford*, 112 N.M. at 7, 810 P.2d at 1227). We must consider the *Blockburger* test. "If that test establishes that one statute is subsumed within the other, the inquiry is over and the statutes are the same for double jeopardy purposes—punishment cannot be had for both." *Swafford*, 112 N.M. at 14, 810 P.2d at 1234.

{18} In this case, the State charged Defendant with violating Section 30–22–1(D) (resisting, evading, or obstructing an officer) and Section 30–22–24 (battery upon a peace officer). Resisting, evading, or obstructing an officer consists of "resisting or abusing any judge, magistrate or peace officer in the lawful discharge of his duties." § 30–22–1(D). "Battery upon a peace officer is the unlawful, intentional touching or application of force to the person of a peace officer while he is in the lawful discharge of his duties, when done in a rude, insolent or angry manner." § 30–22–24(A). An examination of the two statutes reveals that resisting or abusing a peace officer is a lesser-included offense within battery on a peace officer under the *Blockburger* test.

{19} In *Padilla*, 101 N.M. at 79–80, 678 P.2d at 707–08, police officers attempted to stop the defendant after noticing his erratic driving as he led them on a high-speed chase before stopping. The defendant struggled while the officers were handcuffing him and he kicked one of the officers in the groin. *Id.* In that case, this Court held that resisting arrest, as defined in Section 30–22–1(D), is a lesser-included offense of battery upon a peace officer prohibited by Section 30–22–

24(A), even though the statutory elements of the other subsections of Section 30–22–1 are not necessarily included in battery upon a peace officer. Under a statutory analysis, Section 30–22–1(D) requires resisting or abusing the officer who is performing his duties. Section 30–22–24 refers to the same officer and the same duties. It requires a touching or application of force in a rude, insolent, or angry manner. In a discussion concerning "rude, insolent or angry," it is indicated that one cannot resist or abuse without being rude, insolent, or angry. The only difference is that battery requires the resisting or abusing to have culminated in a touching, while resisting also prohibits lesser forms of resisting. Stated otherwise, one cannot commit battery on a peace officer without also resisting or abusing that officer contrary to Section 30–22–1(D). Thus, under the statutes, resisting is a lesser offense of battery.

{20} In *State v. Diaz*, 121 N.M. 28, 29–30, 908 P.2d 258, 259–60 (Ct.App.1995), an intoxicated defendant was engaged in a dispute with his wife on the street. When police were called to the scene, with their guns drawn, they instructed the defendant to drop the knife he was holding. He refused and backed down the street until he was cornered. The officers testified that they shot the defendant when he made a move at them. This Court stated that a violation of Section 30–22–1(D)—resisting or abusing a peace officer—is a lesser-included offense within battery on a peace officer under a *Blockburger*-type test. This Court stated:

> Insofar as Section 30–22–1(D) is concerned, we addressed a similar situation in [*Padilla* ]. In that case, we held that resisting an arrest, within the contemplation of Section 30–22–1(D), is a lesser included offense of battery on a peace officer as defined by Section 30–22–24. A violation of Section 30–22–1(D) occurs when a defendant resists or abuses an officer who is performing his duties. If an officer is engaged in the performance of his duties and the defendant applies a touching or application of force in a rude, insolent, or angry manner, then this is a battery in violation of Section 30–22–24. Since a defendant cannot resist or abuse an officer

without being rude, insolent, or angry, the difference between Section 30–22–24 and Section 30–22–1(D) is that a violation of the former culminates in an offensive touching while a violation of the latter does not. Thus, a defendant cannot commit peace officer battery without having also resisted or abused an officer.

*Diaz*, 121 N.M. at 31, 908 P.2d at 261 (citations omitted).

{21} The same situation is presented here. The jury was not required to find different elements in order to convict Defendant for both resisting Officer Allen and committing battery against the officer. The only difference is that the battery instruction required the jury to find an offensive touching, whereas the resisting instruction did not.

{22} In *Padilla*, this Court stated one cannot commit battery on a peace officer without also resisting or abusing the officer in violation of Section 30–22–1(D). 101 N.M. at 80, 678 P.2d at 708. Compare to *Diaz*, where this Court stated that "[a]n assault with a deadly weapon cannot occur if resistance or abuse is not also present. Anyone who commits aggravated assault in violation of NMSA 1978, § 30–22–22(A)(1) (1971) also commits resisting in violation of NMSA 1978, § 30–22–1(D). The latter is therefore a lesser included offense under the strict elements test." *Diaz*, 121 N.M. at 31, 908 P.2d at 261.

{23} Defendant was convicted of two offenses arising out of unitary conduct, and one offense was a lesser-included offense of the other. This was a violation of Defendant's right to be free from double jeopardy. Defendant's conviction for resisting is vacated.

**B. Insufficiency of Evidence**

 {24} A sufficiency of the evidence review involves a two-step process. This Court initially views the evidence in the light most favorable to the verdict. Then, we must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994). (internal quotation

marks and citation omitted). Sufficient evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Salgado*, 1999–NMSC–008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted). "This [C]ourt does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." *State v. Coffin*, 1999–NMSC–038, ¶ 73, 128 N.M. 192, 991 P.2d 477 (alteration in original) (internal quotation marks and citations omitted).

**1. Count 1—Battery Upon a Peace Officer**

■ {25} In Jury Instruction No. 1, the judge instructed the jury as follows:

> For you to find ... Defendant guilty of a Battery Upon a Peace Officer as charged in Count 1, the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. ... Defendant intentionally and unlawfully touched or applied force to Officer Dason Allen by kicking him in the knee;
> 2. ... Defendant's conduct caused an actual injury to Officer Dason Allen;
> 3. ... Defendant acted in a rude, insolent or angry manner;
> 4. At the time, Dason Allen was a peace officer and was performing the duties of a peace officer;
> 5. This happened in New Mexico on or about the 18th day of April, 2003.

{26} The State presented the testimony of the three officers who were involved in the arrest of Defendant and Uncle. The three officers stated that, while they were in the process of arresting Uncle, Defendant exited a vehicle in the parking lot and aggressively approached the officers, by raising his fists, shouting, and coming within a few inches of them. Defendant was told "numerous times to get back into [his] vehicle." Officer Allen testified that, while he attempted to handcuff Defendant against a car, Defendant was "trying to fight and jerk away." Then, as Defendant was being restrained, he kicked Officer Allen in the shin.

■ {27} We hold that these facts constitute sufficient evidence to support Defendant's conviction. Defendant testified that he did not approach the officers, act aggressively toward them, or intend to kick Officer Allen. "[T]he jury is free to reject Defendant's version of the facts." *State v. Rojo*, 1999–NMSC–001, ¶ 19, 126 N.M. 438, 971 P.2d 829. It seems reasonable for the jury to infer, based on Defendant's aggressive conduct with the officers, that he intentionally kicked Officer Allen. *See State v. Hoeffel*, 112 N.M. 358, 361, 815 P.2d 654, 657 (Ct.App. 1991) (stating that "[i]ntent can be proved by circumstantial evidence"). The officers' testimony that Defendant kicked Officer Allen in the knee as part of an incident of resisting the officer is sufficient evidence to support the battery conviction. The State presented testimony by Officer Allen that he was injured by Defendant's kick and provided a photograph taken following the incident of the officer's injured knee. Officer Allen also showed the jury the scar that still remains on his right knee from the kick he received from Defendant. The jury could reasonably infer that the kicking of the officer by Defendant resulted in injury. Because Officer Allen was present at the parking lot to arrest Uncle, it is undisputed that the officer was acting in his official capacity as a peace officer when Defendant kicked him. For these reasons, we hold that sufficient evidence was presented to support Defendant's conviction of battery on a peace officer.

**2. Count 2—Assault on a Peace Officer**

■ {28} In Jury Instruction No. 2, the judge instructed the jury as follows:

> For you to find ... Defendant guilty of Assault on a Peace Officer as charged in Count 2, the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. ... Defendant with his fist clenched as if to punch, approached and chest butted Officer Dason Allen;
> 2. ... Defendant's conduct caused Officer Dason Allen to believe ... [D]e-

**520**

fendant was about to intrude on [the officer's] bodily integrity or personal safety by touching or applying force to [the officer] in a rude, insolent or angry manner;

3. A reasonable person in the same circumstances as Officer Dason Allen would have had the same belief;

4. At the time, Dason Allen was a peace officer and was performing duties of a peace officer;

5. This happened in New Mexico on or about the 18th day of April, 2003.

{29} We hold that the evidence set forth above was sufficient to prove that Defendant did aggressively approach the officers with his fists clenched in an angry, threatening manner. The evidence against Defendant that he was verbally and physically threatening to the officers, causing Sergeant Plowman to believe he was going to be hit, and Officer Allen actually being chest-butted by Defendant, is sufficient to circumstantially support the inference that Officer Allen was in fear of having his bodily integrity intruded upon. From the evidence of Defendant's aggressive conduct, the jury could reasonably infer that the officers feared for their personal safety. Thus, it seems that reasonable people under these circumstances being aggressively approached by a man, who is shouting and threatening to punch them, would fear for their personal safety. He acted aggressively by raising his fists, shouting, and coming within a few inches of them. It is undisputed that the officers were performing their duties in their official capacity during the incident. For these reasons, we hold that sufficient evidence was presented to support Defendant's conviction of assault on a peace officer.

**C. Ineffective Assistance of Counsel**

{30} Defendant claims he received ineffective assistance of counsel due to trial counsel's failure to investigate the case and discover witnesses who were at the bar on the night in question. Defendant maintains that these additional witnesses could have corroborated his testimony that he did not physically or verbally threaten the officers. However, the record contains nothing that would indicate any failure of investigation, or that any further witnesses exist. We will not review an allegation of ineffective assistance of counsel that depends on matters outside of the record. *State v. Telles*, 1999–NMCA–013, ¶ 25, 126 N.M. 593, 973 P.2d 845.

**III. CONCLUSION**

{31} We hold that (1) Defendant's convictions for resisting, evading, or obstructing an officer and battery upon an officer are based on unitary conduct, and we further hold that resisting or abusing an officer in violation of Section 30–22–1(D) is a lesser-included offense of battery upon a peace officer and therefore double jeopardy was violated in this case; (2) Defendant's convictions of both assault and battery upon Officer Allen are both supported by substantial evidence; and (3) based on the record, we have no evidence on which to decide Defendant's claim of ineffective assistance of counsel.

{32} We remand to the district court to vacate Defendant's conviction for resisting, evading, or obstructing an officer, and to resentence Defendant accordingly.

{33} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN, Chief Judge and LYNN PICKARD, Judge.