**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                    **No. 28,406**

**GABRIELA CAMACHO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals her convictions for trafficking, possession of paraphernalia, and criminal child abuse or neglect. We issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a memorandum in

opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

By her first issue on appeal, Defendant claims that she received ineffective assistance of counsel. [MIO 4-7] In order to establish a prima facie case of ineffective assistance of counsel, Defendant must demonstrate that (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy, or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

In support of her claim, Defendant continues to rely on counsel's failure to ensure that she had her medication at trial [MIO 4-5], the failure to prevent her from appearing in prison garb [MIO 5-6], and the failure to present potentially exculpatory evidence. [MIO 6-7]

As we observed in our notice of proposed summary disposition, the record contains nothing to suggest that a reasonable attorney would have taken further action relating to Defendant's medication. *See generally State v. Ford*, 2007-NMCA-052, ¶ 30, 141 N.M. 512, 157 P.3d 77 ("We will not review an allegation of ineffective assistance of counsel that depends on matters outside of the record."). There is a

similar absence of any basis to infer prejudice. We must therefore reject the argument. *See generally State v. Torres*, 2005-NMCA-070, ¶ 25, 137 N.M. 607, 113 P.3d 877 (rejecting a claim of ineffective assistance due to the defendant's failure to demonstrate with specificity how the defense was actually prejudiced).

Defendant's claim that she was permitted to appear in prison garb is similarly unsupported by the record. [MIO 5-6] As a result, we cannot consider it. *See generally State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 ("Without a record, we cannot consider [the d]efendant's claim of ineffective assistance of counsel on direct appeal.").

Nothing appears in the record to substantiate Defendant's speculation that fingerprint analysis could have had an impact on the outcome at trial. [MIO 6] As a consequence, counsel's failure to pursue this line of inquiry cannot be relied upon to establish a prima facie case of ineffective assistance. *See, e.g.*, *State v. Hernandez*, 115 N.M. 6, 17, 846 P.2d 312, 323 (1993) (rejecting a claim based on counsel's failure to obtain forensic testing of evidence, where the defendant failed to demonstrate that the desired forensic testing would have yielded anything of material assistance to the defense).

The potential exculpatory value of a particular witness's testimony is similarly speculative. Moreover, in light of the initial investigation, counsel's failure to present the testimony of the witness appears to have been a tactical decision, which cannot be equated with ineffective assistance. *See, e.g.*, *State v. Mora*, 2003-NMCA-072, ¶ 14, 133 N.M. 746, 69 P.3d 256 (concluding that counsel's failure to call a known witness after interviewing him constituted a tactical decision and rejecting a claim of ineffective assistance on that basis).

We conclude that none of Defendant's various contentions are sufficient to establish a prima facie case of ineffective assistance of counsel.

Finally, Defendant renews the argument that her convictions for trafficking violate double jeopardy. Although the convictions are based on different controlled substances, Defendant contends that a single criminal intent and a continuous sequence of events are involved, and as such, one of her convictions should be reversed. [MIO 7-11] We remain unpersuaded.

As we observed in our notice of proposed summary disposition, a nearly identical argument was rejected by our Supreme Court in *State v. Smith*, 94 N.M. 379, 380, 610 P.2d 1208, 1209 (1980). Although Defendant urges this Court to depart from *Smith* by further expanding the single-intent doctrine [MIO 9-10], we are not at

liberty to do so. *See generally Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (holding that the Court of Appeals is bound by Supreme Court precedent).

For the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**LINDA M. VANZI, Judge**