This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                                    **No. 29,954**

**MANUEL GUERRA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Olga Serafimova, Assistant Attorney General
Santa Fe, NM

for Appellee

Alex Chisholm
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Following a jury trial, Defendant Manuel Guerra was convicted of thirty-two counts of first degree criminal sexual penetration of a child under thirteen, contrary to NMSA 1978, Section 30-9-11(C)(1) (2001) (amended 2003) (current version at Section 30-9-11(D)(1) (amended 2007 and 2009)). The offenses occurred between July 18, 2001, and April 30, 2005. Defendant's two step-daughters were the victims of the crimes.

Defendant appeals his convictions. He argues that he was prejudiced by the ineffective assistance of his counsel and also that his constitutional rights to be free from double jeopardy and to receive due process were violated by the State's use of three-month charging periods, rather than specific dates and times of the offenses. We affirm Defendant's convictions.

**BACKGROUND**

Because the parties are familiar with the factual and procedural background and because this is a Memorandum Opinion, we do not provide a detailed summary of the facts. We address the facts and procedure as necessary in the context of our analysis.

**DISCUSSION**

Defendant claims that he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are reviewed de novo. *State v. Quinones*, 2011-NMCA-018, ¶ 28, 149 N.M. 294, 248 P.3d 336. "The test for ineffective assistance

of counsel is whether defense counsel exercised the skill of a reasonably competent attorney." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384.

> To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* (internal quotation marks and citation omitted). Defendant's ineffective assistance of counsel claim is based upon three distinct claims of error. Specifically, Defendant contends that his counsel was ineffective because he (1) failed to ask for a bill of particulars, (2) failed to object to the State's requests for extensions of trial dates, thereby violating Defendant's right to a speedy trial; and (3) failed to challenge the number of counts in the indictment.

In addition to holding that his counsel was ineffective, Defendant requests that we review the foregoing three issues for fundamental error because the issues were not preserved in the district court. *See* Rule 12-216(B) NMRA (stating that, notwithstanding a lack of preservation, this Court may consider questions involving fundamental error or fundamental rights of a party). "The first step in reviewing for fundamental error is to determine whether an error occurred." *State v. Silva*, 2008-NMSC-051, ¶ 11, 144 N.M. 815, 192 P.3d 1192. "The doctrine of fundamental error is one to be applied only under exceptional circumstances and solely to prevent a

3

miscarriage of justice." *State v. Gonzales*, 112 N.M. 544, 548, 817 P.2d 1186, 1190 (1991) (internal quotation marks and citation omitted). And when there is no error, there can be no fundamental error. *See id.*

**A.    Bill of Particulars**

Defendant's first claim of error, that his counsel did not ask for a bill of particulars, is unsupported by any argument to show (1) how his counsel's failure to request a bill of particulars fell below an objective standard of reasonableness, or (2) how he was prejudiced by the failure. *See Aker*, 2005-NMCA-063, ¶ 34 (stating what is required to establish an ineffective assistance of counsel claim). Nor has he shown, under a fundamental error standard, how this alleged error on behalf of his counsel led to a "miscarriage of justice." *Gonzales*, 112 N.M. at 548, 817 P.2d at 1190 (internal quotation marks and citation omitted). Because Defendant has failed to develop an argument with regard to this issue, we will not consider it further. *See State v. Gonzales*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111 ("[T]his Court has no duty to review an argument that is not adequately developed.").

**B.    Speedy Trial**

Defendant's second ineffective assistance of counsel claim relates to an alleged violation of his right to a speedy trial. Defendant's argument in this regard has three sub-points. First, Defendant argues that because his counsel did not object to any of

4

the State's requests for extensions of trial dates, he was "prejudiced simply because this matter was allowed to come to trial after such a long delay." Second, Defendant argues, pursuant to *State v. Garza*, 2009-NMSC-038, ¶ 35, 146 N.M. 499, 212 P.3d 387, that "the record is void of any effort by [his] attorney to create an evidentiary record of prejudice . . . to support claims of oppressive pretrial incarceration; or excessive anxiety and concerns of the accused; or the possibility that the defense [would] be impaired." And third, Defendant argues that "[t]he big prejudice is evidenced by the [videotaped] depositions of the two [victims]." Defendant further argues that "[t]he prejudice comes packaged in the video depositions [because t]he delay allowed the [victims] to synthesize their testimony with years of therapy and allowed the prosecution time to create the impression that a deposition testimony was needed."

Examining Defendant's three speedy trial arguments under the framework of an ineffective assistance of counsel claim, we note that even were we to assume that the various purported failures of his counsel "fell below an objective standard of reasonableness[,]" Defendant nevertheless fails to show that there was a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Aker*, 2005-NMCA-063, ¶ 34 (internal quotation marks and citation omitted). With the exceptions of his unsupported claim that the delay

allowed the victims to "synthesize their testimony with years of therapy" and his equally unsupported claim that the delay was used by the prosecution to "create the impression that a deposition testimony was needed[,]" Defendant's argument amounts to an assertion of prejudice, without a showing of prejudice. We do not find this persuasive. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."); *see also Gonzales*, 2011-NMCA-007, ¶ 30 (explaining that we will not consider arguments based on factual allegations that are unsupported by citation to the record proper).

To the extent that Defendant argues, pursuant to *Garza*, that the thirty-six-month delay in bringing his case to trial established prejudice, we are not persuaded. *See* 2009-NMSC-038, ¶ 48. In *Garza*, our Supreme Court "abolish[ed] the presumption that a defendant's right to a speedy trial has been violated based solely on the threshold determination that the length of delay is presumptively prejudicial." *Id.* ¶ 21 (internal quotation marks omitted). The Court explained that the "length of delay is simply a triggering mechanism, requiring further inquiry" into the remaining speedy trial factors. *Id.* Defendant has not made any persuasive argument concerning that reasons for the delay, the assertion of the right to a speedy trial, the prejudice that he suffered as a result of the delay, or how, on balance, these factors weigh in his favor. *See id.* ¶¶ 25-27, 31-33, 35-36, 38-39 (discussing the factors relevant to the

determination of whether a defendant's speedy trial right has been violated). As such, Defendant has failed to provide any basis for reversal on speedy trial grounds and has not shown how any alleged violation of his fundamental right to speedy trial amounted to error, fundamental or otherwise. Because Defendant has not established that there was any error, he has likewise not shown that there was fundamental error. *Gonzales*, 112 N.M. at 548, 817 P.2d at 1190.

**C.      Challenge to the Indictment**

Defendant's third sub-point under his broad claim of ineffective assistance of counsel appears to be a claim that his counsel was ineffective because he failed to challenge the State's having charged Defendant with one count of ongoing criminal sexual conduct against each of the victims. As a foundation for his argument, Defendant lists the nine factors set out by this Court in *State v. Baldonado*, 1998-NMCA-040, ¶¶ 26-27, 124 N.M. 745, 955 P.2d 214, which are used to review "whether an indictment is reasonably particular with respect to the time of the offense."

Defendant contends that "[b]ecause the [victims] could not put Defendant's conduct in any specific time frame, and the prosecution failed to establish any time related reference points, the better practice would be for the prosecution to have charged Defendant with one count each of ongoing criminal sexual conduct against

[each victim]." Defendant supports this contention by reference to the testimony of the State's expert, Dr. Linda Daniels. In regard to children's perception of dates and events and their concept of the number of times that events occur, Dr. Daniels explained that "children don't have the ability to reason abstract[ly] in the way that adults do" and also that "children usually don't have a good grip on" how much time elapsed or how many times something happened. Although Defendant argues that this testimony "support[s] the logic of *Baldonado*," he fails to explain how Dr. Daniels' testimony or the reasoning in *Baldonado* leads, in this case, either to a showing of fundamental error or to a showing of ineffective assistance of counsel. We therefore decline to consider this issue. *See State v. Fuentes*, 2011-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 ("[W]e do not review unclear or undeveloped arguments which require us to guess at what parties' arguments might be[.]").

In sum, Defendant has not shown that his counsel's performance was so deficient that it "fell below an objective standard of reasonableness[,]" nor has he provided any argument as to how, but for the errors he claims were committed by his counsel, the outcome of his trial "would have been different." *Aker*, 2005-NMCA-063, ¶ 34 (internal quotation marks and citation omitted). Nor, as related to any of the three distinct sub-points, has Defendant shown any basis in fundamental error upon which his convictions should be reversed. *See State v. Archuleta*, 2012-NMCA-

8

007, ¶ 13, __ N.M. __, 269 P.3d 924 ("Fundamental error occurs only in cases with defendants who are indisputably innocent[] and cases in which a mistake in the process makes a conviction fundamentally unfair notwithstanding the apparent guilt of the accused." (internal quotation marks and citation omitted)).

We further note that Defendant argues that "it is incumbent on this Court to presume [Defendant's counsel] was ineffective" because disciplinary actions had been taken against him in 1987 and in 2010. The disciplinary actions against Defendant's counsel do not make up any part of the record in this case. *See In re Aaron L.,* 2000-NMCA-024, ¶ 27, 128 N.M. 641, 996 P.2d 431 ("This Court will not consider and counsel should not refer to matters not of record in their briefs."). And Defendant provides no authority to support his assertion that disciplinary actions against counsel establish a presumption of ineffective assistance of counsel. *See In re Adoption of Doe,* 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that an appellate court will not consider an issue if no authority is cited in support of the issue and will assume that no such authority exists). As such, Defendant's reference to the disciplinary actions against his counsel provide no basis for a determination, in this case, of ineffective assistance of counsel. We turn now to Defendant's argument that his constitutional rights to due process and freedom from double jeopardy were violated.

## D. Double Jeopardy and Due Process

Defendant claims that the State's charging periods failed to provide reasonable notice of the charges against him, causing him "to be put in jeopardy twice for the same offense, thereby violating his due process rights[.]" Defendant concedes that the due process issue was not raised below, thus the issue was not preserved for our review. "Due process claims will not be addressed when raised for the first time on appeal." *State v. Martinez*, 2007-NMCA-160, ¶ 4, 143 N.M. 96, 173 P.3d 18. We therefore limit our analysis to the issue of Defendant's double jeopardy claim which, notwithstanding lack of preservation, may be raised on appeal. *Id.* ¶ 5. The issue of double jeopardy involves a constitutional question, which we review de novo. *State v. Ford*, 2007-NMCA-052, ¶ 7, 141 N.M. 512, 157 P.3d 77.

Defendant claims that "[w]ithout some specific time element, the accused is . . . subject to double jeopardy." This assertion, unsupported by authority or argument, is unpersuasive, and will not be considered. *See State v. Gutierrez*, 2012-NMCA-013, ¶ 35, __ N.M. __, 269 P.3d 905 ("[T]his Court will not address issues unsupported by argument and interprets Defendant's argument to be that the multiple-count indictment subjected him to multiple punishments for the same offense. The State counters Defendant's contention by arguing that his right to be free from double jeopardy was not violated because "the counts in the indictment were factually

distinguishable by victim and/or time period and/or type of act[.]" *See Herron v. State*, 111 N.M. 357, 361, 805 P.2d 624, 628 (1991) (describing the factors to be considered in determining, in the context of a double jeopardy claim, whether a defendant's conduct constituted separate acts). Defendant, by not refuting the State's contention in his reply brief, appears to concede the issue. *See State v. Templeton*, 2007-NMCA-108, ¶ 22, 142 N.M. 369, 165 P.3d 1145 ("[T]he failure to respond to contentions made in an answer brief constitutes a concession on the matter." (internal quotation marks and citation omitted)). Therefore, we see no basis for reversal on double jeopardy grounds.

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**



_____
**JAMES J. WECHSLER, Judge**