This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **NO. A-1-CA-36487**

**DAVID A. DUNLAP, JR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant appeals his conviction for violating a restraining order. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2}     Defendant continues to argue that double jeopardy bars his convictions for both stalking and violation of a restraining order prohibiting domestic violence. [DS 3-4] Because Defendant was charged with violation of separate statutes, we are presented with a "double description" issue. *See State v. Ford*, 2007-NMCA-052, ¶ 8, 141 N.M. 512, 157 P.3d 77 (classifying a double jeopardy challenge to separate convictions for resisting, evading, or obstructing an officer and battery on a peace officer as a double description issue). For double description cases, we apply the two-part test set forth in *Swafford v. State*, 1991-NMSC-043, ¶¶ 9, 25, 112 N.M. 3, 810 P.2d 1223: (1) whether the conduct is unitary, and (2) if so, whether the Legislature intended to punish the offenses separately. *See State v. Silvas*, 2015-NMSC-006, ¶ 9, 343 P.3d 616. "Only if the first part of the test is answered in the affirmative, and the second in the negative, will the double jeopardy clause prohibit multiple punishment in the same trial." *Id.* (internal quotation marks and citation omitted).

{3}     When determining whether Defendant's conduct was unitary, we consider whether his actions were separated by sufficient indicia of distinctness. *See State v. DeGraff*, 2006-NMSC-011, ¶ 27, 139 N.M. 211, 131 P.3d 61. "Conduct is unitary when not sufficiently separated by time or place, and the object and result or quality

2

and nature of the acts cannot be distinguished." *Silvas*, 2015-NMSC-006, ¶ 10. "[W]e consider such factors as whether the acts were close in time and space, their similarity, the sequence in which they occurred, whether other events intervened, and [the] defendant's goals for and mental state during each act." *Ford*, 2007-NMCA-052, ¶ 12.

{4}     In this case, the offense of stalking took place on September 8, 2015, whereas the restraining order conviction (a lesser included offense of aggravated stalking) was based on conduct that occurred on October 13, 2015. [RP 201, 228] Defendant had entered an *Alford* plea to the stalking charge. [RP 228] Therefore, the pattern of conduct that supported the stalking charge did not necessarily include the October 13 incident, which might have happened if the State chose to include it in a jury instruction if the case went to trial. Instead, the State had alleged three incidents that took place on September 7 and 8. [MIO 2] This would have been sufficient to support the stalking charge, making the October 13 incident unnecessary to the State's case. As such, double jeopardy does not bar punishment for both offenses because the conduct was not unitary. *See Swafford*, 1991-NMSC-043, ¶ 26 (stating that conduct is not unitary if the crimes occurred on separate days, even if they involved the same victim).

{5}     For the reasons set forth above, we affirm.

{}	**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**EMIL J. KIEHNE, Judge**