This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39408**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TRISTAN LANCASTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Drew D. Tatum, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Emily Bowen, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** A jury convicted Defendant Tristan Lancaster for battery upon a peace officer, in violation of NMSA 1978, Section 30-22-24 (1971). On appeal, Defendant argues that the evidence at trial supported only the lesser included offense of resisting, evading, or obstructing an officer. We "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict," and affirm. *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (internal quotation marks and citation omitted).

**DISCUSSION**

**{2}** The jury was instructed on both battery upon a peace officer and resisting, evading, or obstructing an officer. This Court has described the difference between the two crimes as follows: "[B]attery requires the resisting or abusing to have culminated in a touching, while resisting also prohibits lesser forms of resisting." *State v. Ford*, 2007-NMCA-052, ¶ 19, 141 N.M. 512, 157 P.3d 77. *Compare* UJI 14-2211 NMRA (battery on a peace officer), *with* UJI 14-2215 NMRA (resisting, evading, or obstructing an officer). Defendant argues that she "resisted" the arresting officer's "attempts to arrest her, and that when she braced herself against the car door[]frame, she accidentally struck him." Having reviewed the evidence at trial, including the video of Defendant's arrest, we conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Holt*, 2016-NMSC-011, ¶ 20 (internal quotation marks and citation omitted).

**{3}** The jury in the present case was instructed, without objection, that Defendant's intent could be inferred "from all of the surrounding circumstances, such as the manner in which she acts, the means used, and her conduct and any statements made by her." *See* UJI 14-141 NMRA. The arresting officer testified that he recognized Defendant, who was riding as a passenger in a vehicle; he knew she had a warrant; and he conducted a traffic stop to arrest her. When Defendant refused to exit the vehicle, the arresting officer requested backup because Defendant was noncompliant and very irate, the car was in drive and not in park, and the arresting officer knew that the driver had previously evaded a traffic stop. Eventually, the arresting officer opened the passenger door and attempted to physically remove Defendant from the vehicle. Defendant began yelling and pulling away with the help of the driver. A second officer arrived and detained the driver. The arresting officer removed Defendant from the vehicle. In the process Defendant continued to yell and pull away and attempted to slip out of the officer's grip. As the officer "stood her up out of the vehicle," Defendant yelled profanities and demanded that the officer stop touching her, and she swung her hand and struck him in the chest. The officer testified that he felt her strike him. The jury was free to reject Defendant's argument in closing that she accidentally hit the officer with an open hand while attempting to brace herself on the car door frame. *See State v. Cabezuela*, 2011-NMSC-041, ¶ 45, 150 N.M. 654, 265 P.3d 705 (explaining that "the jury is free to reject [the d]efendant's version of the facts" (internal quotation marks and citation omitted)).

**{4}** Considering the context of the entire encounter, the video evidence, and the arresting officer's testimony, we conclude that the evidence supported a finding that Defendant intentionally struck the arresting officer. We therefore affirm the jury's verdict that Defendant committed battery upon a peace officer.

**CONCLUSION**

**{5}** For the foregoing reasons, Defendant's conviction is affirmed.

**{6}** IT IS SO ORDERED.

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**