This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39555

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KIM KREITZER JENSEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY
Thomas F. Stewart, District Court Judge**

Raúl Torrez, Attorney General
Benjamin Lammons, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**WRAY, Judge.**

**{1}** A jury convicted Defendant Kim Jensen of resisting, evading or obstructing an officer (Count 3 or the resisting charge), contrary to NMSA 1978, Section 30-22-1 (1981), and assault upon a peace officer, (Count 4 or the assault charge), contrary to NMSA 1978, Section 30-22-21 (1971). Defendant appeals, and we affirm.

**{2}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we set forth only factual background as it becomes necessary to our analysis.

## DISCUSSION

**{3}** Defendant argues that (1) due process was violated by a jury instruction relating to an alternative theory for conviction because Defendant did not have sufficient notice of the alternative theory; and (2) the convictions for both Count 3 and Count 4 "were based on the same course of conduct" and as a result, violated double jeopardy protections. We review Defendant's arguments de novo. *See State v. Dominguez*, 2008-NMCA-029, ¶ 5, 143 N.M. 549, 178 P.3d 834 (analyzing "the dismissal of criminal charges on due process grounds under a de novo standard" (internal quotation marks and citation omitted)); *State v. Ford*, 2007-NMCA-052, ¶ 7, 141 N.M. 512, 157 P.3d 77 (observing that we review double jeopardy arguments de novo).

## I.    Defendant Had Adequate Notice of the State's Alternative Theories

**{4}** Section 30-22-21(A) defines "[a]ssault upon a peace officer" in two alternatives, attempted battery and reasonable apprehension. *See* § 30-22-21(A)(1) ("[A]n attempt to commit a battery upon the person of a peace officer while [they are] in the lawful discharge of [their] duties."); § 30-22-21(A)(2) ("[A]ny unlawful act, threat or menacing conduct which causes a peace officer while [they are] in the lawful discharge of [their] duties to reasonably believe that [they are] in danger of receiving an immediate battery."). In both the original and first amended criminal information, the assault charge against Defendant was specifically stated as attempted battery under Section 30-22-21(A)(1), as follows:

> Count 4: Assault Upon a Peace Officer, . . . on or about August 22, 2019, the above-named [D]efendant attempted to commit a battery on [Officer] Lopez, knowing or having reason to know that [Officer] Lopez was a peace officer in the lawful performance of her duties, a misdemeanor, contrary to . . . Section 30-22-21(A)(1).

In the final amendment to the criminal information, two days before trial, the State deleted the previously specific denotation of Subsection "(A)(1)" from Count 4. Count 4 otherwise remained the same as in the original and first amended criminal informations, including specifically stating the State's belief that Defendant "attempted to commit a battery on [Officer] Lopez." The district court instructed the jury on both attempted battery and reasonable apprehension. Defendant maintains that the instruction provided to the jury violated due process because the inclusion of both alternatives "introduced a new offense to the jury" after the close of evidence and Defendant therefore did not receive adequate notice of the reasonable apprehension alternative charge. We conclude, based on our careful review of the record, that Defendant had notice of the State's intent to present both the attempted battery and reasonable apprehension

theories and that the jury instruction did not introduce a new theory that prejudiced Defendant.

**{5}** "[E]ssential fairness entitles a defendant to notice so as to enable" the preparation of a response. *State v. Badoni*, 2003-NMCA-009, ¶ 17, 133 N.M. 257, 62 P.3d 348; *see State v. Huerta-Castro*, 2017-NMCA-026, ¶ 14, 390 P.3d 185 ("Procedural due process requires the [s]tate to provide reasonable notice of charges against a person and a fair opportunity to defend." (alteration, internal quotation marks, and citation omitted)). Notice sufficient to prepare a defense may also be found through means outside of the charging document. *See State v. Hernandez*, 1986-NMCA-040, ¶ 14, 104 N.M. 268, 720 P.2d 303 (discerning no prejudice because the defendant "was fully aware of the factual bases for the charges" through affidavits attached to the criminal complaint and facts provided at the preliminary examination). After the State's case in chief and before the jury instruction conference, Defendant moved for a directed verdict on Count 4 and recognized explicitly that "the State has two alternate theories." The record of the pretrial conference and the record of the jury instruction conference support a conclusion that before trial and before the final amendment to the criminal information, the prosecutor and defense counsel discussed the State's intention to prosecute under both alternatives and that this discussion prompted the State to amend the criminal information to recognize the alternative theories for the assault charge. *See State v. Ervin*, 2008-NMCA-016, ¶¶ 27-30, 143 N.M. 493, 177 P.3d 1067 (holding that late amendment to the criminal information providing an additional charge was not prejudicial or reversible error because the defendant was given advance notice that the elicitation of facts sufficient to support the additional charge would result in the amendment). The record therefore reflects that Defendant recognized the State's two theories on the assault charge *before* Defendant took the stand—contrary to Defendant's argument that the jury instruction undermined the defense theory that was presented, which was based on creating doubt about Defendant's intent to kick Officer Lopez.

**{6}** Regarding intent, Defendant argues that the jury instruction "required the jury to find very different elements" to support either of the alternatives—that the instruction either (1) permitted the jury to find that Defendant "*intended* to batter [O]fficer [Lopez], and took a substantial step toward battery," for attempted battery; or (2) for reasonable apprehension, "relieved the jury of making any intent finding at all." The district court, however, provided an additional instruction that required the jury to find that Defendant "acted intentionally" in relation to the assault charge. Reading the instructions as a whole, the instruction for the assault charge that contained both alternatives did not permit the jury to convict for reasonable apprehension without finding that Defendant acted intentionally. *See State v. Beal*, 1974-NMCA-054, ¶ 6, 86 N.M. 335, 524 P.2d 198 (stating that jury instructions "should be read as a whole"). We therefore reject Defendant's argument that "jurors who accepted defense evidence that [Defendant] acted reflexively under the stress of the event but did not intend to commit battery, were still required to convict under the alternate theory" of reasonable apprehension. The State's alternate theories did not require different evidence, as defense counsel noted

during argument for directed verdict. Instead, the two theories were "from [Defendant's counsel's] reading, the same."

**{7}** Because the record reveals that Defendant had adequate notice of the State's theories, we conclude that Defendant's due process right to notice was not violated. *See State v. Lucero*, 1998-NMSC-044, ¶ 25, 126 N.M. 552, 972 P.2d 1143 (finding no prejudice to the substantial rights of the defendant by the addition of an alternative theory of the offense because the defendant was on notice of the charge "and was thus not prejudiced by the amendment"); *State v. Baldonado*, 1998-NMCA-040, ¶ 21, 124 N.M. 745, 955 P.2d 214 (stating that due process under both the federal and New Mexico constitutions "require[s] the [s]tate to provide *reasonable* notice of charges against a person and a fair opportunity to defend" (emphasis added)).

## II.     Defendant's Convictions on the Assault Charge and the Resisting Charge Did Not Violate Double Jeopardy Protections

**{8}** Defendant argues that the conduct underlying the convictions on the resisting charge and the assault charge arose from unitary conduct, which violates double jeopardy protections.[1] *See State v. Reed*, 2022-NMCA-025, ¶ 8, 510 P.3d 1261 (explaining that convictions violate double jeopardy if they are based on unitary conduct for which the Legislature did not intend multiple punishments). To the contrary, based on the State's arguments and the evidence of Defendant's conduct, we conclude that the convictions do not violate double jeopardy protections, because the resisting charge and assault charge were separated by "sufficient indicia of distinctness" and the conduct was therefore not unitary. *See State v. Andazola*, 2003-NMCA-146, ¶ 15, 134 N.M. 710, 82 P.3d 77 ("[C]onduct is not unitary if the defendant's acts have sufficient indicia of distinctness."); *State v. DeGraff*, 2006-NMSC-011, ¶¶ 28-30, 139 N.M. 211, 131 P.3d 61 (evaluating unitary conduct based on the statutory definitions of the crime, the jury instructions, and the evidence presented at trial).

**{9}** The State first argued that Count 3, the resisting charge, was established by evidence that Defendant tried to walk away from the traffic stop, argued with Officer Lopez, and crossed her arms to prevent handcuffing. *See* § 30-22-1(D) (defining resisting, evading or obstructing an officer as "resisting or abusing any . . . peace officer in the lawful discharge of [their] duties"). Alternatively, the State informed the jury that it could decide whether Defendant physically resisted handcuffing and abused Officer Lopez who attempted to complete the handcuffing before Defendant was placed in the police vehicle and the door was closed. Turning to Count 4, the State argued—and the jury was instructed—that the assault charge arose from Defendant's attempt to kick Officer Lopez after the handcuffing and after Defendant had been placed in the police

---

[1]Defendant does not separately argue that the New Mexico Constitution provides different protections against double jeopardy and we thus focus our analysis only on the protections that the United States Constitution affords. *See State v. Contreras*, 2007-NMCA-045, ¶ 18, 141 N.M. 434, 156 P.3d 725 ("[The d]efendant does not invoke the New Mexico Constitution as a source of [the] protection against double jeopardy; we therefore focus exclusively on the protections that the Fifth Amendment to the United States Constitution provides.").

vehicle. *See* § 30-22-21(A) (requiring to establish assault upon a peace officer the State to prove either an attempted battery or an officer's reasonable apprehension "of receiving an immediate battery"); UJI 14-2200B NMRA (providing the essential elements for assault upon a peace officer). While inside the patrol car, Defendant started "hitting" the inside of the vehicle, so, to ensure that Defendant would not damage the vehicle or hurt herself, the officers "opened the door" and Defendant "stood right out." The officers directed Defendant to sit back down in the patrol unit, and Defendant began to kick at Officer Lopez. On these facts, we view the present case to be distinguishable from *Ford*, on which Defendant relies.

{10}    In *Ford*, this Court concluded that a defendant's actions were unitary when he struggled with officers who were trying to handcuff him and kicked an officer in the shin during the struggle. 2007-NMCA-052, ¶ 13. These acts were close in time and distance and "could easily be considered acts having only to do with his arrest." *Id.* ¶ 14. In the present case, however, while the conduct for Counts 3 and 4 was close in time and physical distance, "the quality and nature of the individual acts[] and the objectives and results of each act" separate the resisting and assault charges. *See Andazola*, 2003-NMCA-146, ¶ 16 (internal quotation marks and citation omitted). The resisting charge related to Defendant's conduct before the arrest and placement in the police vehicle, when Defendant tried to avoid arrest by walking away, verbally challenging the basis for arrest, and physically resisting handcuffing. The assault charge related to conduct that occurred after Defendant was arrested and placed in the police vehicle, when the officers opened the door to attempt to prevent Defendant from kicking inside the vehicle. Defendant kicked out at Officer Lopez from inside the police vehicle—an action that was necessarily unrelated to avoiding arrest. Defendant had already been arrested and placed in the vehicle, which alters the nature and quality of Defendant's act and implicates a different objective. *See State v. Lopez*, 2008-NMCA-111, ¶ 9, 144 N.M. 705, 191 P.3d 563 ("If time and space considerations are not determinative, resort must be had to the quality and nature of the acts or to the objects and results involved." (internal quotation marks and citation omitted)). For these reasons, we conclude that Defendant's conduct was not unitary and the convictions for Count 3 and Count 4 did not violate double jeopardy protections.

**CONCLUSION**

{11}    We affirm Defendant's convictions.

{12}    **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**ZACHARY A. IVES, Judge**